**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NAPLETON'S ARLINGTON HEIGHTS
MOTORS, INC. f/k/a NAPLETON'S
PALATINE MOTORS, INC.  d/b/a
NAPLETON'S ARLINGTON HEIGHTS
CHRYSLER DODGE JEEP RAM, an
Illinois corporation; NAPLETON'S RIVER
OAKS MOTORS, INC. d/b/a NAPLETON'S
RIVER OAKS CHRYSLER DODGE JEEP
RAM, an Illinois corporation; CLERMONT
MOTORS, LLC d/b/a NAPLETON'S
CLERMONT CHRYSLER DODGE JEEP
RAM, an Illinois limited liability company;
NAPLETON'S NORTH PALM AUTO
PARK, INC. d/b/a NAPLETON'S
NORTHLAKE CHRYSLER DODGE JEEP
RAM, an Illinois corporation; NAPLETON
ENTERPRISES, LLC d/b/a NAPLETON'S
SOUTH ORLANDO CHRYSLER DODGE
JEEP RAM, an Illinois limited liability
company; NAPLETON'S MID RIVERS
MOTORS, INC. d/b/a NAPLETON'S MID
RIVERS CHRYSLER DODGE JEEP RAM,
an Illinois corporation; NAPLETON'S
ELLWOOD MOTORS, INC. d/b/a
NAPLETON'S ELLWOOD CHRYSLER
DODGE JEEP RAM, an Illinois corporation,

      Plaintiffs,

   v.

FCA US LLC, a Delaware corporation,

      Defendant.

Case No. 1:16-cv-00403-VMK-SMF

**AGREED CONFIDENTIALITY ORDER**

The parties to this action have moved that the Court enter a confidentiality order. The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:

1.      Scope. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Confidentiality Order. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.      Protected Material. As used in this Order, "Protected Material" means documents or information designated as Confidential Information or Highly Confidential Information.

3.      Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) research, technical, commercial, or financial information that the party has maintained as confidential; (c) medical information concerning any individual; (d) personal identity information such as social security numbers or taxpayer identification numbers; (e) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; or (f) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

4.      Highly Confidential Information. As used in this Order, "Highly Confidential Information" means information designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by the producing party that falls within one or more of the following categories: (a) documents which reflect or report areas of sensitive business information the disclosure of

which to the receiving party would create the substantial risk of competitive or business injury to

a non-party competitor of the receiving party; (b) the personal, business and/or financial

information and condition of a non-party franchise motor vehicle dealer or its owners, officers or

directors, including but not limited to financial statements and planning potential; (c) information

regarding the parties' confidential or proprietary databases and information technology systems;

(d) non-public financial information of any person, including any person who is an employee,

owner, officer, or director of any party or non-party; (e) non-public financial information of the

parties; (f) information that reveals trade secrets (including the customer lists of any party or

non-party); or (g) any other material determined to be "Highly Confidential Information" by the

Court pursuant to an order on a motion filed by any party.  Information or documents that are

available to the public may not be designated as Highly Confidential Information.

       5.     Designation.

      (a)     A party may designate Confidential Information for protection under this

Order by placing or affixing the words "CONFIDENTIAL" on the document and on all copies in

a manner that will not interfere with the legibility of the document.  A party may designate

Highly Confidential Information for protection under this Order by placing or affixing the words

"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on the document and on all

copies in a manner that will not interfere with the legibility of the document.  As used in this

Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that

contain the Confidential Information or Highly Confidential Information.  The marking

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be

applied prior to or at the time the documents are produced or disclosed.  Applying the marking

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to a

document does not mean that the document has any status or protection by statute or otherwise

except to the extent and for the purposes of this Order. Any copies that are made of any

document marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

ONLY" shall also be so marked, except that indices, electronic databases or lists of documents

that do not contain substantial portions or images of the text of marked document and do not

otherwise disclose the substance of the document are not required to be marked. Information

discussed at the Court-ordered meeting between counsel and IT experts (Dkt. 62) that concerns

the parties' confidential or proprietary databases and information technology systems may be

designated as Highly Confidential Information orally by counsel at the meeting.[1]

       (b)    The designation of a document as Confidential Information or Highly

Confidential Information is a certification by an attorney that the document contains Confidential

Information or Highly Confidential Information as defined in this order.[2]

       6.    Depositions.

       Unless all parties agree on the record at the time the deposition testimony is taken, all

deposition testimony taken in this case shall be treated as Highly Confidential Information until

the expiration of the following: No later than the thirtieth day after the transcript is delivered to

any party or the witness, and in no event later than 60 days after the testimony was given.

Within this time period, a party may serve a Notice of Designation to all parties of record as to

specific portions of the testimony that are designated Protected Material, and thereafter only

those portions identified in the Notice of Designation shall be protected by the terms of this

---

[1] Notwithstanding other limitations on disclosure in this Order, Highly Confidential Information regarding the parties' confidential or proprietary databases and information technology system may be disclosed to the IT experts participating in the meeting, provided those experts have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.
[2] An attorney who reviews the documents and designates them as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating documents as Protected Material pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

Order.  The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Protected Material, unless otherwise ordered by the Court.

7.     Restrictions on Protected Material.

(a)     General Protections.  Unless otherwise agreed by the parties, Protected Material shall be used by a receiving party for the sole purpose of this litigation, including any appeals thereof, and shall not be used for any other purpose whatsoever.  Disclosure or dissemination, directly or indirectly, of Confidential Information and Highly Confidential Information shall be limited to counsel for the parties or any other persons identified in subparagraph (b) and subparagraph (c), respectively.

(b)     Limited Disclosures of Confidential Information.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any person or entity, unless the person or entity falls under at least one of the categories set forth in paragraphs (1)-(9):

(1)     Counsel.  In-house and outside counsel for the parties, including employees of counsel, who have responsibility for this action;

(2)     Parties.  Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed, and only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(3)     The Court, jury, and court personnel;

(4)     Court reporters and recorders;

(5)     Contractors.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents and translation, graphics, and/or design services;

(6)     Consultants and experts.  Consultants, investigators, or experts engaged by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7)     Witnesses.  Witnesses who have received a notification or subpoena to appear at deposition or at trial in this matter to the extent such disclosure is reasonably necessary to prepare the witness to present testimony or for cross-examination, on the conditions that (i) such witnesses may not retain copies of any such material (except that witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts); and (ii) such witnesses have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Protected Material pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8)     Author or recipient.  The author or recipient of the Protected Material (not including a person who received the Protected Material in the course of litigation); and

(9)     Others by consent or order.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)     Limited Disclosures of Highly Confidential Information.  The counsel for the parties shall not disclose or permit the disclosure of any Highly Confidential Information to any person or entity, unless the person or entity falls under at least one of the categories of persons or entities set forth in paragraphs (1)-(8):

(1)     Counsel.  In-house and outside counsel for the parties, including employees of counsel, who have responsibility for this action;

(2)     The Court, jury, and court personnel;

(3)     Court reporters and recorders;

(4)     Contractors.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process

electronically stored documents and translation, graphics, and/or design services;

(5) Consultants and experts. Consultants, investigators, or experts engaged by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(6) Witnesses. Witnesses at deposition or trial in this matter, on the conditions that (i) such witnesses shall be shown Highly Confidential Information only during their testimony and such witnesses may not retain copies of any such material (except that witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts); and (ii) such witnesses have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Protected Material pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. If counsel intends to question a witness who is not an employee or agent of the designating party concerning a document the designating party has marked Highly Confidential Information, counsel shall advise counsel for the designating party prior to showing the document to the witness or counsel for the witness (if not represented by counsel for the designating party).

(7) Author or recipient. The author or recipient of the Protected Material (not including a person who received the Protected Material in the course of litigation); and

(8) Others by consent or order. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(d) Control of Protected Material. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Material. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

8.      Employees and Agents.  Nothing in this Order shall prevent any party from disclosing or using its own documents or information designated as Protected Material.

9.      Inadvertent Failure to Designate.  An inadvertent failure to designate a document as Confidential Information or Highly Confidential Information does not, standing alone, waive the right to so designate the document or information.  A party may designate a document as Confidential Information or Highly Confidential Information after it was initially produced by informing the receiving party in writing and providing all parties with an appropriately labeled replacement.  The receiving party, on written notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  Additionally, upon receipt of the appropriately labeled replacement, the receiving party shall destroy the unmarked or incorrectly designated documents, along with all copies.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information or Highly Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information or Highly Confidential Information.

10.      Filing of Protected Material.  This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Protected Material in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

11.      Challenges by a Party to Designation of Protected Material.  The designation of any material or document as Confidential Information or Highly Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

(a)     Meet and Confer.  A party challenging the designation of Protected Material must do so in good faith and must begin the process by providing written notice of a challenge to counsel of record that identifies the challenged designation by Bates number (for documents) or by witness and pages (for transcripts).  A challenge to a "Highly Confidential" designation must specify whether the challenging party would agree to designating the information "Confidential."  After a written challenge is made, counsel for the parties will promptly confer in person or on the telephone regarding the challenge, during which conference the parties must be prepared to explain the basis for the designation and the challenge.

(b)     Judicial Intervention.  If the parties are unable to resolve a challenge through the meet and confer process set forth in paragraph (a), a party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements of this procedure (or has made a good faith attempt to do so).  The burden of persuasion in any such challenge proceeding shall be on the designating party.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information or Highly Confidential Information, as applicable, under the terms of this Order.

12.     Action by the Court.  Applications to the Court for an order relating to materials or documents designated as Protected Material shall be by motion.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

13.     Use of Protected Material at Trial.  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing.  A party that

intends to present or that anticipates that another party may present Protected Material at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information or Highly Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of Protected Material at trial.

14. Third Parties. Third parties who are requested to produce documents or things or provide testimony in this action may avail themselves of the provisions of this Confidentiality Order by signing it and may designate and produce documents, things or testimony as containing Confidential or Highly Confidential information in accordance with its provisions without further action by the Court.

15. Challenges by Members of the Public to Sealing Orders. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

16. Inadvertent Disclosure. If a party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person not authorized to receive such material under this Order, that party must immediately: (1) notify in writing counsel for the producing party of the unauthorized disclosure, including all pertinent facts; (2) make every effort to prevent further unauthorized disclosure, including retrieving or ensuring the destruction of all copies of the disclosed material; (3) inform the person(s) to whom unauthorized disclosures were made of the terms of this Order; and (4) request such person(s) execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Compliance with the foregoing shall not prevent a party from seeking further relief from this Court.

17.     Attorney-Client Privilege and Work Product.  Nothing in this Order shall affect any claim of attorney-client privilege, work product immunity, or any other privilege or immunity.  If a producing party at any time notifies a receiving party that it inadvertently produced documents or information that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity, or the receiving party discovers such inadvertent production, the inadvertent production shall not be deemed a waiver of the applicable privilege or protection.  The receiving party shall return all copies of such material and shall not use such material for any purpose unless further ordered by the Court.  The return of any discovery item to the producing party shall not in any way preclude the receiving party from moving the Court for a ruling that the material was never privileged or protected from other immunity.

18.     Obligations on Conclusion of Litigation.

(a)     Order Continues in Force.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     Obligations at Conclusion of Litigation.  Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, the receiving party shall (i) destroy any Protected Material of the producing party within the possession of the receiving party; and (ii) certify via email to counsel for the producing party that the requirements of paragraphs 17(b)(i) and 17(b)(ii) were satisfied.  This paragraph does not apply to Protected Material that was filed without restriction as to disclosure or offered into evidence.  Notwithstanding the foregoing, the receiving party is not required to locate, isolate, or destroy any (i) e-mails or attachments to e-mails that may include Protected Material, or (ii) Protected

Material contained in final or draft expert reports, deposition transcripts, or transcripts in any court proceeding.

(c)     Retention of Work Product.  Notwithstanding the above requirements to destroy documents, outside counsel may retain an archival copy of all pleadings, motion papers, transcripts, or legal memoranda, even if such material contains Protected Material.  Any retained Protected Material shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Material.

(d)     Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

19.     Order Subject to Modification.  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.  Nothing in this Order shall limit the ability of the parties to seek further protection from the Court.

20.     No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

21.     Right to Assert Other Objections.  Nothing in this Order shall be deemed a waiver of any right that a party would otherwise have to object to disclosing or producing any document

or information in this action or any other proceeding.  This Order shall not constitute a waiver of

the right of any party to claim in this action or otherwise that any documents, or any portion

thereof, is privileged or otherwise non-discoverable (including, without limitation, on the basis

of relevance, burden, expense, privilege, or other evidentiary immunity), or is not admissible in

evidence in this action or any other proceeding.

22.     Persons Bound.  This Order shall take effect when entered and shall be binding

upon all counsel for the parties who have responsibility for this action, the parties, and persons

made subject to this Order by its terms.  The terms of this Order may be applied to the material

of a non-party, as long as that non-party agrees in writing to be bound by the terms of this Order.

So Ordered.

Dated:  February 8, 2017

_____
The Honorable Sheila M. Finnegan
United States Magistrate Judge
Northern District of Illinois

ATTACHMENT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NAPLETON'S ARLINGTON HEIGHTS
MOTORS, INC. f/k/a NAPLETON'S
PALATINE MOTORS, INC.  d/b/a
NAPLETON'S ARLINGTON HEIGHTS
CHRYSLER DODGE JEEP RAM, an
Illinois corporation; NAPLETON'S RIVER
OAKS MOTORS, INC. d/b/a NAPLETON'S
RIVER OAKS CHRYSLER DODGE JEEP
RAM, an Illinois corporation; CLERMONT
MOTORS, LLC d/b/a NAPLETON'S
CLERMONT CHRYSLER DODGE JEEP
RAM, an Illinois limited liability company;
NAPLETON'S NORTH PALM AUTO
PARK, INC. d/b/a NAPLETON'S
NORTHLAKE CHRYSLER DODGE JEEP
RAM, an Illinois corporation; NAPLETON
ENTERPRISES, LLC d/b/a NAPLETON'S
SOUTH ORLANDO CHRYSLER DODGE
JEEP RAM, an Illinois limited liability
company; NAPLETON'S MID RIVERS
MOTORS, INC. d/b/a NAPLETON'S MID
RIVERS CHRYSLER DODGE JEEP RAM,
an Illinois corporation; NAPLETON'S
ELLWOOD MOTORS, INC. d/b/a
NAPLETON'S ELLWOOD CHRYSLER
DODGE JEEP RAM, an Illinois corporation,

        Plaintiffs,

   v.

FCA US LLC, a Delaware corporation,

        Defendant.

Case No. 1:16-cv-00403-VMK-SMF

**ACKNOWLEDGMENT OF UNDERSTANDING**
**AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information or Highly Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information or Highly Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____   _____

Signature