# Exhibit B

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NAPLETON'S ARLINGTON HEIGHTS MOTORS, INC. f/k/a NAPLETON'S PALATINE MOTORS, INC. d/b/a NAPLETON'S ARLINGTON HEIGHTS CHRYSLER DODGE JEEP RAM, an Illinois corporation; NAPLETON'S RIVER OAKS MOTORS, INC. d/b/a NAPLETON'S RIVER OAKS CHRYSLER DODGE JEEP RAM, an Illinois corporation; CLERMONT MOTORS, LLC d/b/a NAPLETON'S CLERMONT CHRYSLER DODGE JEEP RAM, an Illinois limited liability company; NAPLETON'S NORTH PALM AUTO PARK, INC. d/b/a NAPLETON'S NORTHLAKE CHRYSLER DODGE JEEP RAM, an Illinois corporation; NAPLETON ENTERPRISES, LLC d/b/a NAPLETON'S SOUTH ORLANDO CHRYSLER DODGE JEEP RAM, an Illinois limited liability company; NAPLETON'S MID RIVERS MOTORS, INC. d/b/a NAPLETON'S MID RIVERS CHRYSLER DODGE JEEP RAM, an Illinois corporation; NAPLETON'S ELLWOOD MOTORS, INC. d/b/a NAPLETON'S ELLWOOD CHRYSLER DODGE JEEP RAM, an Illinois corporation, <br><br>   Plaintiffs, <br><br> v. <br><br>FCA US LLC, a Delaware corporation, <br><br>   Defendant. | Case No. 1:16-cv-00403-VMK-SMF |

**PLAINTIFFS' AMENDED AND SUPPLEMENTAL
ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

NOW COMES the above-captioned Plaintiffs (collectively, "Plaintiffs"), by and through their undersigned counsel, and for their amended and supplemental answers to Defendant FCA US LLC's First Set of Interrogatories, state the following:

1. Identify all Persons referenced in the Amended Complaint who have not been identified by name, including but not limited to employees of FCA, Plaintiffs, or non-Plaintiff dealerships, together with the paragraph or sub-paragraph in which they are referenced.

**ANSWER:** Plaintiffs object to the extent this request seeks information protected by the attorney-client privilege or work product privilege. Plaintiffs object that the phrase "all Persons referenced in the Amended Complaint who have not been identified by name" is vague and ambiguous. Plaintiffs will construe this request to mean "individuals and dealers who are specifically referenced in the Amended Complaint, and were referred to by their title or job description." Plaintiffs object to the extent this request seeks information that is not in the possession or control of the Plaintiffs, and in particular, objects to the term "Identify" to the extent it seeks information regarding FCA employees beyond which is provided in this response, and which is in the possession of FCA and not Plaintiffs, or otherwise seeks information and/or knowledge in the possession of third parties. Subject to the foregoing objections, Plaintiffs state as follows:

In ¶ 38(a), the FCA employee and District Manager for portions of northern Illinois is **Ralph Jones**, and the manager of Napleton's River Oaks is **Ray Czarnik.**

In ¶ 38(b), the FCA employee and District Manager for portions of northern Illinois is **Ralph Jones**, the manager of Napleton's River Oaks is **Ray Czarnik**, and the FCA Business Center Director for the Midwest Region is Phil **Scroggin.**

In ¶ 38(c), the FCA Business Center Director for the Midwest Region is **Phil Scroggin,** the FCA district manager is **Ralph Jones**, the manager of Napleton's River Oaks is **Ray Czarnik,** and the Napleton Dealer-Principal is **Ed Napleton**.

In ¶ 38(d), the executive at Sherman Dodge is **Dave Dickens**.

In ¶ 38(e), the executive of Northwestern Chrysler Jeep Dodge Ram ("Northwestern") is **Rob Crane**, and the person at FCA who requested Northwestern to submit false NVDRs is **Ralph Jones**.

In ¶ 38(f), the former manager at FCA is **Dave Englen**, and the Business Center Directors and other FCA employees he identified are **Jeff Kommor**, **Phil Scroggin**, **Carlos Jimenez**, **Tom Shanley**, **Mike Dragojevik**, **Jeff Strickland**, **Jeff Hines**, **Steve Yandura**, and **Jason Stoicevich**.

In ¶ 38(g), the FCA sales manager for the Orlando, Florida area is **Matt Williams,** and the manager of various CDJR dealerships affiliated with Plaintiffs located in Florida, Georgia, and Pennsylvania is **Pete Grinnell**.

In ¶ 38(h), the FCA sales representative from the Mid Atlantic Business Center is **Robert Lewis**, and the general manager of Napleton's Ellwood City is **Mark Cattran**.

In ¶ 41, FCA's Vice President of U.S. Sales Operations is **Jeff Kommor**, and FCA's Midwest Business Center Director is **Phil Scroggin**.

By way of further response, the FCA Business Center Director mentioned in ¶¶ 42-43 is **Phil Scroggin**; the capitalized term "Napleton Dealer-Principal" used throughout the Amended

3

Complaint is referring to **Ed Napleton**; and the "FCA Market Representative Manager" referenced in ¶ 61 is **Tim Duncan**. The non-FCA personnel referred to in the above response are:

- **Edward F. Napleton**, Dealer-Principal of Napleton Dealership Group, contact through counsel for Plaintiffs;

- **Mark Cattran**, General Manager of Napleton Ellwood City, contact through counsel for Plaintiffs;

- **Raymond Czarnik**, President of Napleton's River Oaks, contact through counsel for Plaintiffs;

- **Pete Grinnell**, Vice President and General Manager of Napleton Clermont and Napleton South Orlando, contact through counsel for Plaintiffs;

- **David Englen**, Regional Vice President of Nissan North America [address unknown];

- **Rob Crane**, President and General Manager of Northwestern CDJR, 5950 N Western Avenue, Chicago, Illinois 60659; and

- **Dave Dickens**, Sherman Chrysler Dodge Jeep RAM; 7601 N Skokie Boulevard, Skokie, Illinois 60077.

     2.    Identify the "Conspiring Dealers," "Non-Conspiring Dealers," and "Competing Dealers," referenced in the Amended Complaint, together with the paragraph or sub-paragraph in which they are referenced.

     **ANSWER:**    Plaintiffs object to the extent this request seeks information protected by the attorney-client privilege or work product privilege. Plaintiffs object that this interrogatory contains three "discrete subparts," and will construe the interrogatory accordingly when calculating the limitation on interrogatories contained in Fed. R. Civ. P. 33(a)(1). Plaintiffs

4

object that this interrogatory is premature, as it seeks information within the exclusive possession of FCA, and FCA has not yet produced any documents to Plaintiffs. Plaintiffs further object that the interrogatory is premature to the extent it seeks legal conclusions or expert opinion regarding the identities of the dealers that compete with Plaintiffs for the purposes of the claims in this case. Plaintiffs further object that the term "Conspiring Dealers" comprehends the nationwide scope of FCA's false sales reporting scheme, but FCA has, to date, refused to produce any documents regarding matters outside of a circumscribed geographic area and timeframe. To the extent FCA continues to limit its document production, Plaintiffs will be unable to answer this interrogatory for any dealers that operate outside this geographic area or who cannot be identified without reference to documents outside any limitation on timeframe. Plaintiffs also object to the request to identify the Non-Conspiring Dealers as unduly burdensome and disproportionate to the needs of the case. By way of further response, Plaintiffs refer FCA to paragraph ¶ 9 of the Amended Complaint for the definitions of the terms "Conspiring Dealers," and "Non-Conspiring Dealers," and paragraph ¶ 31 for the definition of the term "Competing Dealers."

3. Identify the "reliable sources" and "source" of information referenced in ¶¶ 10, 36, 41, 46, and 47 of the Amended Complaint and the information provided to You by said sources concerning the allegations in the Amended Complaint, together with the paragraph or sub-paragraph in which they are referenced.

**ANSWER:** Plaintiffs object to the extent this request seeks information protected by the attorney-client privilege or work product privilege. Plaintiffs object that this interrogatory contains two discrete subparts in that it seeks the identification of "sources" and separately calls for Plaintiffs to identify information. Plaintiffs will construe this request to constitute two separate interrogatories for the purpose of the limitation on the number of interrogatories in Fed. R. Civ. P. 33(a)(1). Plaintiffs object that this interrogatory is premature in that it calls for the

5

identification of information before the parties have agreed on the parameters of their search for electronically stored information. Plaintiffs will supplement their response to the extent they discover additional responsive information based on a reasonable search. Plaintiffs object that the phrase "together with the paragraph or sub-paragraph in which they are referenced" is incomprehensible, vague and ambiguous, unduly burdensome, and not proportional to the needs of the case. Plaintiffs will construe this request as seeking the identification of individuals who are not employees of either the Plaintiffs or FCA, as this is what the Plaintiffs meant by "reliable sources" and "sources" in the contexts of ¶¶ 10, 36, 41, 46, and 47, and will construe the separate request for "information" to mean the information that was provided to Plaintiffs as of the time of the Amended Complaint.

The individuals that the Plaintiffs were referring to when they referred to "sources" and "reliable sources" of information as referenced in ¶¶ 10, 36, 41, 46, and 47 of the Amended Complaint are:

- **David Englen**, Regional Vice President of Nissan North America [address unknown];
- **Rob Crane**, President and General Manager of Northwestern CDJR, 5950 N Western Avenue, Chicago, Illinois 60659;
- **Dave Dickens**, Sherman Chrysler Dodge Jeep RAM; 7601 N Skokie Boulevard, Skokie, Illinois 60077;

With respect to the information that was provided to Plaintiffs by these sources, Plaintiffs object that this interrogatory is premature in that it calls for information provided to Plaintiffs by certain individuals before the parties have reached an agreement on the scope of their search for and production of documents. To the extent the information provided by the above individuals

6

regarding the allegations in ¶¶ 10, 36, 41, 46, and 47 of the Amended Complaint is contained in a document within the possession of Plaintiffs, Plaintiffs will produce and identify the document by bates number pursuant to Fed. R. Civ. P. 33(d). Plaintiffs object to the extent this interrogatory calls for Plaintiffs to characterize or summarize documents that it has produced or will produce to FCA.

By way of further response, the following information forming the basis for the allegations of the complaint was provided to Plaintiffs by means of oral communication: Dave Dickens of Sherman Dodge, a CDJR dealer in suburban Chicago, Illinois, confirmed that in June 2015, FCA requested Sherman Dodge to submit false NVDRs in exchange for the payment by FCA of substantial incentives, and that Sherman Dodge in fact submitted the NVDRs and received incentives from FCA in exchange. Rob Crane of Northwestern CDJR, a CDJR dealer in Chicago, Illinois, confirmed that Ralph Jones of FCA had requested Northwestern to submit false NVDRs in return for the payment of incentives by FCA to the dealer, and that Northwestern had in fact submitted false NVDRs at the behest of FCA. It is Plaintiffs' understanding, based on the offers and communications made by FCA to Plaintiffs, that Northwestern thereafter received incentives in exchange for submitting false NVDRs. Additional information provided by Rob Crane forming the basis for the allegations in the Complaint can be found at NAP_0000338, NAP_0000340, NAP_0002551, NAP_0002552, NAP_0002580, and NAP_0002581.

Documents evidencing or memorializing the offers and communications made by FCA to Plaintiffs that operated as "reliable sources" of information forming the basis for the allegations of the complaint can be found at NAP_0000131, NAP_0000132, NAP_0000133, NAP_0000134, NAP_0000135, NAP_0000136, NAP_0000185, NAP_0000235, NAP_0000260, NAP_0000262,

NAP_0002199, NAP_0002200, NAP_0002544, NAP_0002545, NAP_0002546, NAP_0002547, NAP_0002548, NAP_0002549, NAP_0002550, NAP_0002565, NAP_0002566, NAP_0002567, NAP_0002568, NAP_0002569, NAP_0002570, NAP_0002577, NAP_0002578, and NAP_0002579.  By way of further response, Plaintiffs also state that in a telephone conversation between FCA employee Phil Scroggin and Ed Napleton, Mr. Scroggin offered Mr. Napleton $20,000 and extra allocations of high-demand vehicles to induce Mr. Napleton to falsely report forty (40) new vehicle sales at Napleton's River Oaks.  Mr. Napleton refused FCA's offer.

The information provided by Dave Englen forming the basis for the allegations of the complaint can be found at NAP_0000068, NAP_0000073, NAP_0000078, NAP_0000085, NAP_0000095, NAP_0000284, NAP_0000287, NAP_0000288, NAP_0000289, NAP_0000290, NAP_0000292, NAP_0000295, NAP_0000297, NAP_0000299, NAP_0000303, NAP_0000308, NAP_0000316, NAP_0000318, NAP_0000320, NAP_0000322, NAP_0000323, NAP_0000324, NAP_0000326, NAP_0000329, NAP_0000333, NAP_0000367, NAP_0000376, NAP_0000383, and NAP_0000392.

4. Identify the date of the alleged meeting between FCA's Market Representative Manager and the Napleton Dealer-Principal referenced in ¶ 61 of the Amended Complaint, the location of the meeting, all Persons at the meeting, and the basis for your claim that "[a]t all relevant times, FCA's Market Representative Manager knew that his material representations to the Napleton Dealer-Principal were false and inaccurate."

**ANSWER:** Plaintiffs object to the extent this request seeks information protected by the attorney-client privilege or work product privilege.  Plaintiffs object that this interrogatory is comprised of multiple discrete subparts.  Plaintiffs further object that this interrogatory is premature in that the parties are still negotiating the scope of their search for electronic documents, and document production has not yet been begun in this case.  Plaintiffs respond as follows based on a reasonable investigation of information presently known to them:  The meeting referenced in ¶ 61 was an in-person meeting in the offices of the Napleton Dealership

8

Group in suburban Chicago, Illinois between Edward Napleton and Tim Duncan of FCA. The basis for the claim that "[a]t all relevant times, FCA's Market Representative Manager knew that his material representations to the Napleton Dealer-Principal were false and inaccurate" is that neither the FCA Market Representative Manager nor FCA ever provided direct and meaningful input into the determination of the size and configuration of its CC Sales Zone, and never shared demographic data and analysis (including "market bursts") with the Napleton's Arlington Heights before establishing Napleton.

5. Identify the amount in damages Plaintiffs claim to have suffered and the manner in which said amount was calculated, including but not limited to how many sales Plaintiffs allegedly lost as a result of the allegations in the Amended Complaint.

**ANSWER:** Plaintiffs object that this interrogatory is comprised of multiple discrete subparts, as it seeks the dollar amount in damages, "the manner" in which this number is calculated, and the number of vehicle sales that were lost — Plaintiffs will construe this request to constitute three separate interrogatories for the purpose of the limitation on the number of interrogatories in Fed. R. Civ. P. 33(a)(1). Plaintiffs also object that this interrogatory is premature in that it would require Plaintiffs to perform calculations based upon information that is within the exclusive possession of FCA — Plaintiffs cannot calculate their damages until they are able to determine the identities of the Conspiring Dealers and Competing Dealers, and the extent to which FCA's wrongful conduct diverted sales and other economic benefits to such Conspiring Dealers and Competing Dealers, a task that is not possible until FCA has completed its document production. Plaintiffs further object that this interrogatory is premature to the extent it seeks expert opinion on the amount of damages and the "number of sales Plaintiffs lost as a result of the allegations in the Amended Complaint" before the time for expert disclosures. Plaintiffs will provide an expert report containing the amount of their damages, the manner in

9

which those damages were calculated, and the number of lost sales they allege resulted from FCA's wrongful conduct before the deadline for the disclosure of such reports as set by the Court.

Dated: February 10, 2017

Respectfully submitted,

The Napleton Plaintiffs

By: /s/ David C. Gustman

David C. Gustman
Jeffery M. Cross
Alexander Vesselinovitch
Dylan Smith
David J. Ogles
FREEBORN & PETERS LLP
311 S. Wacker Drive, Suite 3000
Chicago, IL 60606
(312) 360-6000
dgustman@freeborn.com
jcross@freeborn.com
avesselinovitch@freeborn.com
dsmith@freeborn.com
dogles@freeborn.com

Steve W. Berman
Thomas E. Loeser
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue
Suite 3300
Seattle, WA 98101
(206) 623-7292
steve@hbsslaw.com
toml@hbsslaw.com

Jeannie Y. Evans
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, Illinois 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
E-mail: jeannie@hbsslaw.com

## **VERIFICATION**

I, Bruce Etheridge, Chief Operating Officer for the above-captioned Napleton Plaintiffs, hereby verify that the Plaintiff's Amended and Supplemental Answers to Defendant's First Set of Interrogatories are true and correct to the best of my knowledge and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: February 10, 2017

/s/ Bruce Etheridge
Bruce Etheridge
On behalf of the Napleton Plaintiffs

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that he caused the foregoing Plaintiffs' Amended and Supplemental Answers to Defendant's First Set of Interrogatories on counsel of record via electronic mail on February 10, 2017.

/s/ David J. Ogles