# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

NAPLETON'S ARLINGTON HEIGHTS MOTORS, INC. f/k/a NAPLETON'S PALATINE MOTORS, INC. d/b/a NAPLETON'S ARLINGTON HEIGHTS CHRYSLER DODGE JEEP RAM, an Illinois corporation, *et. al.*,

        Plaintiffs,

    v.

FCA US LLC, a Delaware corporation,

        Defendant.

Case No. 1:16-cv-00403-VMK-SMF

## PLAINTIFFS' RESPONSE TO FCA'S
## SUPPLEMENTAL FILINGS (AND LACK THEREOF)

FCA's supplemental filings utterly failed to comply with the Court's orders to make specific showings to support its objections based on burden, proportionality, and work product protection. Moreover, a "mere assembly of documents" by counsel is discoverable and not entitled to work product protection; FCA's legal analysis contending otherwise misstates the law in this circuit. *Rejdak v. Worthington Cylinders Wisconsin, LLC*, 15 CV 9373, 2016 WL 6248183, at *3 (N.D. Ill. Oct. 26, 2016). Plaintiffs respectfully ask that the Court overrule FCA's objections on these grounds and grant their motions to compel.

### Burden and Proportionality

On February 3, 2017, this Court ordered that FCA "shall file by 2/16/17 any supplement to their Opposition to Plaintiffs' Motion to Compel stating their positions regarding the burden imposed by Plaintiffs' discovery requests and whether such requests are disproportionate to the needs of the case." (Doc. 84.) The Court further ordered that to the extent FCA continues to

assert any burden or proportionality objections to "any of Plaintiffs' discovery requests, [FCA] should also represent whether or not the materials sought by such requests have already been gathered in relation to an internal or government investigation." (*Id.*)

FCA did not supplement its opposition as ordered by the Court, or answer the specific questions of the Court. Moreover, FCA's newly filed opposition (Doc. 92) to the Plaintiffs' Second Motion to Compel (Doc. 81) — which FCA filed less than 48 hours before the status hearing on February 23, 2017 — similarly fails to provide any evidence of burden or disproportionality. Nowhere in any of FCA's supplemental filings (Docs. 91, 92) does it "represent whether or not the materials sought by [any of Plaintiffs'] requests have already been gathered in relation to an internal or government investigation." (Doc. 84.)

FCA's silence speaks volumes. As the party opposing discovery, FCA "bears the burden of showing why the request is improper." *Venturedyne, Ltd. v. Carbonyx, Inc.*, No. 2:14-CV-351-RL-JEM, 2016 WL 6694946, at *2 (N.D. Ind. Nov. 15, 2016). Though the Court gave FCA ample opportunity to meet this burden, FCA offers no ***evidence*** of the time or expense required to comply with these requests. FCA instead declines to speak further on this issue, and apparently stands on its unsubstantiated assertions of burden and disproportionality, which "are ordinarily insufficient, standing alone, to bar production." *Design Basics LLC v. Best Built Inc*., No. 14-CV-597, 2016 WL 1060253, at *3 (E.D. Wis. Mar. 15, 2016) (amendment to rules "does not relieve the responding party of the burden to explain how a discovery request is burdensome"). FCA's failure to comply with the Order also implicates its dubious relevance objections — though FCA claims the documents produced to the government and compiled to support its press releases are irrelevant, FCA does not deny that responsive documents exist within these compilations. Thus, FCA has waived or abandoned its objections to burden,

proportionality, and relevance, and, respectfully, should be compelled to produce all documents requested by Plaintiffs, including those already "gathered in relation to an internal or government investigation," as there is absolutely no basis to suggest it would be burdensome or disproportional. (Doc. 84.)

## Work Product Doctrine

FCA's briefs also fail to comply with the Court's order of February 9, 2017, as FCA did not provide an affidavit showing that any particular documents responsive to these requests "were conducted, collected, and/or generated by and/or at the direction of counsel in direct response to a threatened lawsuit." (Doc. 90.) Moreover, the sole affidavit does not mention the July 26, 2016 press release at the heart of RFP No. 7. (*See* Doc. 91-1 (omitting reference to July 26 press release).) Finally, FCA failed to address "whether (and how) FCA sought to maintain the confidentiality of such documents." (Doc. 90.) FCA has simply failed to establish the factual prerequisites for application of the work product doctrine. *See In re Aqua Dots Products Liab. Litig.*, 270 F.R.D. 322, 327 (N.D. Ill. 2010), *aff'd*, 654 F.3d 748 (7th Cir. 2011).

In addition to these evidentiary failures, FCA is also wrong on the law. FCA's blanket work product objections are impermissible in this circuit, and FCA has not advanced any authority to the contrary. *Perez v. Mueller*, No. 13-CV-1302-PP, 2016 WL 5372811, at *3 (E.D. Wis. Sept. 26, 2016) ("The claim of privilege cannot be a blanket claim; it 'must be made and sustained on a question-by-question or document-by-document basis.'") (quoting *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991)).

Moreover, the work product doctrine does not shield requests for the ***production*** of all responsive documents that were compiled by counsel and not yet produced. This is well-settled, as "courts in this Circuit have concluded that the mere assembly of documents without any additional information that would reveal the attorney's thought process is subject to discovery."

*Rejdak*, 2016 WL 6248183, at *3 (discussing work product doctrine and overruling blanket objection). *See also Kartman v. State Farm Mut. Auto. Ins. Co.*, 247 F.R.D. 561, 563 (S.D. Ind. 2007); *E.E.O.C. v. Jewel Food Stores, Inc.*, 231 F.R.D. 343, 348 (N.D. Ill. 2005) (work product doctrine does not "shield otherwise discoverable information from production where it has not already been produced" as "the mere assembly of documents, without more, does not indicate that the attorney placed special weight on those documents as opposed to documents that were not obtained, and does not reveal which of the assembled documents the attorney deems important"); *In re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002*, 318 F.3d 379, 386 (2d Cir. 2003) ("[T]he party asserting the [work product] privilege must show 'a real, rather than speculative, concern' that counsel's thought processes "in relation to pending or anticipated litigation" will be exposed through disclosure of the compiled documents . . . This burden of objective proof cannot be met through conclusory ex parte affidavits."); *Dranchak v. Akzo Am., Inc.*, 144 F.R.D. 343, 344 (N.D. Ill. 1992).

The cases cited by FCA (Doc. 91 at 2) are inapposite and do not hold otherwise, as they relate solely to whether a party can be compelled to ***identify*** documents that were already produced and shown to a witness by counsel during deposition preparation. In *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices and Relevant Products Liab. Litig.*, 3:09-MD-02100-DRH, 2011 WL 2580764, at *1 (S.D. Ill. June 29, 2011) ("all of the documents plaintiffs are seeking have already been produced by [defendant] in the normal course of discovery," and thus to allow the questioning would only serve to identify which of those documents counsel believed were legally significant"); *Stone Container Corp. v. Arkwright Mut. Ins. Co.*, 1995 WL 88902, *4 (N.D. Ill. Feb. 28, 1995) (noting the "narrowness of the holding" because "all of the documents sought in the Motion to Compel have been previously produced in compliance with

discovery requests," and instructing that non-moving party must produce documents not previously produced before the deposition). Indeed, a case decided months after *Yasmin* in the same district required a party to produce documents that were compiled by counsel and not yet produced, and distinguished *Yasmin* on the grounds that the out-of-circuit authority it relied upon applied only to deposition questions seeking the "identification" of documents — "[p]roduction was not the issue." *In re Method or Processing Ethanol Byproducts and Related Subsystems (858) Pat. Litig.*, 280 F.R.D. 441, 445–46 (S.D. Ind. 2011) (calling into question whether the legal principles underpinning *Yasmin* are sound).

Plaintiffs' document requests do not share the special circumstances present in *Yasmin* and *Stone Container*. These requests merely seek the ***production*** of documents that were allegedly assembled by counsel, but do not ask FCA to ***identify*** within a set of documents that were already produced which documents were selected by counsel for deposition preparation or other purposes and which were not. Unless FCA volunteers this information, there is no discernible threat that counsel's mental impressions will be revealed. *See Rejdak*, 2016 WL 6248183, at *3 ("Especially when a vast number of documents are involved in the discovery request, the possibility of the opposing party discerning any litigation strategy is highly unlikely.").

FCA is not entitled to a self-imposed veil of ignorance from relevant documents that it has already collected and reviewed, whether or not it directed counsel to compile these documents. FCA has the "duty . . . to search in the right places" for relevant records, *Webb v. CBS Broad., Inc.*, 08 C 6241, 2010 WL 2104179, at *6 (N.D. Ill. May 25, 2010) (citing *Pension Comm. of the U. of Montreal Pen. Plan, et al. v. Banc of Am. Sec., LLC*, 2010 WL 184312 at *1 (S.D.N.Y. Jan. 15, 2010)), and Plaintiffs' requests direct FCA to search within identifiable

sources for documents that may not be captured by imperfect ESI search terms and custodian lists. (*See* Doc. 91 at 1 (suggesting that FCA will only produce documents from its investigation if they turn up from the ESI search terms).) As with Plaintiffs' tailored requests for documents FCA produced to the government, these requests prevent FCA from gaming discovery by "withhold[ing] clearly responsive documents from [Plaintiffs] based upon a temporary invocation of work product protection that [FCA] will waive at tactically opportune times." *Kartmann*, 247 F.R.D. at 563. FCA's work product objections should be overruled, and it should be compelled to begin production of all responsive documents immediately.

Respectfully submitted,

Napleton Plaintiffs
By: /s/ David C. Gustman
David C. Gustman
Jill C. Anderson
Jeffery M. Cross
Alexander Vesselinovitch
Dylan Smith
David J. Ogles
FREEBORN & PETERS LLP
311 S. Wacker Drive, Suite 3000
Chicago, IL 60606
(312) 360-6000
dgustman@freeborn.com
janderson@freeborn.com
jcross@freeborn.com
avesselinovitch@freeborn.com
dsmith@freeborn.com
dogles@freeborn.com

Steve W. Berman
Thomas E. Loeser
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue
Suite 3300
Seattle, WA 98101
(206) 623-7292

steve@hbsslaw.com
toml@hbsslaw.com

Jeannie Y. Evans
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, Illinois 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
E-mail: jeannie@hbsslaw.com

7