**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **NAPLETON'S ARLINGTON HEIGHTS MOTORS, INC.,** *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | No. 16 C 403 |
| v. | ) ) | Judge Virginia M. Kendall |
| **FCA US LLC, a Delaware corporation,** *et al.*, | ) ) ) ) | Magistrate Judge Finnegan |
| Defendants. | ) | |

## ORDER

The Court has considered the parties' respective submissions and heard oral argument regarding Plaintiffs' first and second Motions to Compel (Docs. 71, 81), Defendant FCA's Motion to Compel (Doc. 79), and the issues identified in the parties' 2/21/17 Joint Status Report (Doc. 93). In furtherance of the hearing held on February 23, 2017, the Court rules on the issues addressed in these submissions as follows:

1. Defendant FCA's Motion to Compel (Doc. 79) is granted in part and denied in part as follows:

    a. FCA's motion is withdrawn as to its request for the production of documents, in light of Plaintiffs' ongoing document production.

    b. FCA's motion is granted as to its request that Plaintiffs supplement their response to Interrogatory No. 2. Plaintiffs shall serve by 3/9/17 a supplemental response to Interrogatory No. 2 identifying all Conspiring Dealers and Competing Dealers currently known to Plaintiffs.

    c. FCA's motion is granted in part and denied in part as to its request that Plaintiffs supplement their initial disclosures and response to Interrogatory No. 5. Plaintiffs shall serve by 3/9/17 a supplemental response to Interrogatory No. 5, and to the extent necessary, supplemental initial disclosures, identifying the categories of damages Plaintiffs seek in this action. FCA's request for quantification of any category of Plaintiffs' claimed damages is denied at this time. After reviewing the categories, FCA may serve specific requests for information or documents relevant to claimed damages that it has reason to believe Plaintiffs currently possess.

    d. Plaintiffs shall seasonably supplement the foregoing responses and disclosures after the production of additional discovery as required by Fed. R. Civ. P. 26(e), or at such times as the parties agree.

2. Plaintiffs' first Motion to Compel (Doc. 71) is granted in part and denied in part as follows:

    a. <u>"Unnatural Acts"</u>: Plaintiffs' motion is granted in part and denied in part as to its request for documents using or relating to the term "unnatural acts." Defendants shall produce documents using this term to the extent responsive to any other document request regarding which Defendants are also required to produce documents. Defendants are also required to report to Plaintiffs the number of documents located that use the term "unnatural acts" that were withheld as non-responsive.

    b. <u>Relevant Territory</u>: Plaintiffs' motion is denied as to its request for a blanket definition of the relevant territory for its discovery requests to require nationwide discovery. While some of Plaintiffs' discovery requests may require nationwide information, the Court will determine the proper geographic scope of any disputed requests on a request-by-request basis.

    c. <u>Relevant Time Period</u>: Plaintiffs' motion is granted in part and denied in part as to its request for a definition of the time period covered by its discovery requests. The time period for requests for existing summary data and/or data that can be automatically generated shall be 1/1/11 to 12/31/16; the time period for all other requests shall be 1/1/13 to 1/12/16 (the date the action was filed).

    d. <u>Internal Investigations</u>: Plaintiffs' motion is granted as to No. 7 of Plaintiffs' Second Set of Requests. Defendants shall produce all documents responsive to Plaintiffs' Second Set of Requests No. 7, subject to withholding any individual documents as privileged or work product, which shall be logged individually as appropriate when privilege logs are required to be served. As Defendants have acknowledged, however, they may not withhold documents created in the ordinary course of business simply because the documents were reviewed by counsel in connection with an internal investigation.

    The Court reserves ruling regarding Plaintiffs' First Set of Requests No. 1 and Second Set of Requests No. 6. As the Court instructed Defendants during the 2/23 hearing, however, when identifying the documents responsive to other requests regarding which Defendants are required to produce documents, Defendants must search the entirety of documents collected pursuant to any internal investigation(s). In other words, Defendants may not narrow the universe of such documents by preliminarily searching them for particular custodians and/or search terms and then reviewing for responsiveness only those documents that contain those search terms or

      involve those custodians. Regarding Defendant FCA's work product claim with respect to these requests, FCA shall file by 3/2/17 a supplement to its affidavit submitted in support of its work production objections (Doc. 91-1) with further detail as directed during the 2/23 hearing.

    e. <u>Government Investigations</u>: The Court reserves ruling as to Plaintiffs' Second Set of Requests Nos. 1-5. As with the internal investigation documents, however, and as the Court instructed Defendants at the 2/23 hearing, when identifying the documents responsive to other requests regarding which Defendants are required to produce documents, Defendants must search the entirety of documents collected and/or produced pursuant to any government investigation(s), rather than narrow the universe of such documents by preliminarily searching them for particular custodians and search terms and then reviewing for responsiveness only those documents that contain those search terms or involve those custodians.

3. Plaintiffs' Second Motion to Compel (Doc. 81) is granted in part and denied in part as follows:

    a. The parties represented to the Court in their Joint Status Report that the parties have resolved their disputes regarding Plaintiffs' First Set of Requests Nos. 4, 7, 8, and 10. (Doc. 93, at 3-4). Plaintiffs' motion is therefore denied as moot as to these requests.

    b. <u>Competing Dealers</u>: Plaintiffs' motion is granted in part and denied in part as to requests using the term "Competing Dealers" (Plaintiffs' First Set of Requests Nos. 8, 11, and 12 and Plaintiffs' Second Set of Requests Nos. 2, 4-5, and 13). Insofar as these requests seek existing summary data or data that can be automatically generated, the Court adopts Plaintiffs' proposed definition of "Competing Dealer" stated at page 3 of the parties' Joint Status Report (Doc. 93). The parties are directed to meet and confer regarding a narrower definition of "Competing Dealer" for all other purposes.

    c. All remaining disputed issues raised by Plaintiffs' Second Motion to Compel (Doc. 81) are reserved.

4. The parties shall continue to meet and confer regarding electronically stored information ("ESI") custodians and search terms, and shall file by 3/22/17 a joint status report stating their respective positions on those issues. Such status report shall also state the parties' respective positions regarding a narrower definition of the term "Competing Dealer" for Plaintiffs' non-data requests, and cite no more than 7 decisions

by each side on the issue of waiver with respect to Defendants' work product claims as to any internal investigations and any press releases related thereto. No additional filings or submissions relating to the issues addressed in this Order, other than those identified herein, shall be allowed.

                                                ENTER:

Dated: February 27, 2017

                                          SHEILA FINNEGAN
                                          United States Magistrate Judge