# Exhibit 2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NAPLETON'S ARLINGTON HEIGHTS MOTORS, INC. f/k/a NAPLETON'S PALATINE MOTORS, INC. d/b/a NAPLETON'S ARLINGTON HEIGHTS CHRYSLER DODGE JEEP RAM, an Illinois corporation; NAPLETON'S RIVER OAKS MOTORS, INC. d/b/a NAPLETON'S RIVER OAKS CHRYSLER DODGE JEEP RAM, an Illinois corporation; CLERMONT MOTORS, LLC d/b/a NAPLETON'S CLERMONT CHRYSLER DODGE JEEP RAM, an Illinois limited liability company; NAPLETON'S NORTH PALM AUTO PARK, INC. d/b/a NAPLETON'S NORTHLAKE CHRYSLER DODGE JEEP RAM, an Illinois corporation; NAPLETON ENTERPRISES, LLC d/b/a NAPLETON'S SOUTH ORLANDO CHRYSLER DODGE JEEP RAM, an Illinois limited liability company; NAPLETON'S MID RIVERS MOTORS, INC. d/b/a NAPLETON'S MID RIVERS CHRYSLER DODGE JEEP RAM, an Illinois corporation; NAPLETON'S ELLWOOD MOTORS, INC. d/b/a NAPLETON'S ELLWOOD CHRYSLER DODGE JEEP RAM, an Illinois corporation,

        Plaintiffs,

v.

FCA US LLC, a Delaware corporation,

        Defendant.

Case No. 1:16-cv-00403-VMK-SMF

1

**FCA US LLC'S SECOND SET OF INTERROGATORIES**

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 33, defendant FCA US LLC ("FCA") poses the following interrogatories to the each of the Plaintiffs to be answered under oath within 30 days of service.

**DEFINITIONS**

The following definitions shall apply to this request:

1. Amended Complaint.  "Amended Complaint" means the Amended Complaint filed by the Plaintiffs in this civil action on March 4, 2016.

2. Communication.  "Communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise.  "Communications" means more than one communication.

3. Concerning.  "Concerning" means relating to, referring to, describing, evidencing, or constituting.

4. Defendant.  "Defendant" means the defendant in this civil action, FCA US LLC, together with each of its subsidiaries and affiliates, if any, and each of its officers, directors, shareholders, members, employees, servants, agents, attorneys and representatives.

5. Document.  "Document" is synonymous in meaning and equal in scope to the usage of the word in Fed. R. Civ. P. 34(a)(1)(A) and includes, without limitation, electronically stored information, email, text messages, voice recordings, and electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.  "Documents" means more than one Document.

6. FCA.  "FCA" means the Defendant.

2

7. <u>Identify (with respect to a Communication)</u>. "Identify" when used in connection with a Communication means to provide the means of transmission, the date of the Communication, the parties to the Communication, and the general subject matter of the Communication.

8. <u>Identify (with respect to a Document)</u>. "Identify" when used in connection with a Document means to provide the type of Document; the general subject matter of the Document; the date of the Document; the author or authors, according to the Document; the person to whom, according to the Document, the Document (or a copy) was to be sent; and the title and Bates number(s) of the Document.

9. <u>Identify (with respect to a Person)</u>. "Identify" when used in connection with a Person means to provide the Person's full name, present or last known address, present or last known place of employment, and present or last known job title; and to Identify any Documents and Communications concerning Your Response.

10. <u>Identify (with respect to an Incentive)</u>. "Identify" when used in connection with an Incentive means to provide the name or type of the Incentive, the amount of the Incentive, the date the Incentive was offered or received, the Plaintiff who was offered or received the Incentive; and to Identify any Documents and Communications concerning Your Response.

11. <u>Identify (with respect to an Inquiry)</u>. "Identify" when used in connection with an Inquiry means to provide the date of the Inquiry and the Plaintiff to whom the Inquiry was directed; and to Identify the Person(s) who inquired, the Vehicle(s) inquired about, and any Documents and Communications concerning Your Response.

12. Identify (with respect to a Vehicle). "Identify" when used in connection with a Vehicle means to provide the Vehicle make, model, trim, body style, options, accessories, and Vehicle Identification Number; and to Identify any Documents and Communications concerning Your Response.

13. Identify (with respect to a Vehicle Order). "Identify" when used in connection with a Vehicle Order means to provide the date the request for the Vehicle was made and the Plaintiff who made the request for the Vehicle, and to Identify the Vehicle and any Documents and Communications concerning Your Response.

14. Identify (with respect to a Vehicle Sale). "Identify" when used in connection with a Vehicle Sale means to provide the Plaintiff that sold or leased the Vehicle, the date of the Vehicle Sale, and the price or terms of the Vehicle Sale; and to Identify the Vehicle sold or leased, the Person who bought or leased the Vehicle, and any Documents and Communications concerning Your Response.

15. Incentive. "Incentive" means incentives, subsidies and/or advertising funds, including Volume Growth Program and co-op advertising, provided by FCA to FCA dealers as alleged in the Amended Complaint.

16. Inquiry. "Inquiry" means a request for information from a Person to a Plaintiff concerning the purchase or lease of a Vehicle from a Plaintiff.

17. Person. "Person" means any individual, corporation, proprietorship, firm, partnership, limited liability company, trust, association, or other form of business entity. "Persons" means more than one Person.

18. Plaintiffs. "Plaintiffs" means the plaintiffs in this civil action, Napleton's Arlington Heights Motors, Inc. f/k/a Napleton's Palatine Motors, Inc. d/b/a Napleton's Arlington

Heights Chrysler Dodge Jeep RAM; Napleton's River Oaks Motors, Inc. d/b/a Napleton's River Oaks Chrysler Dodge Jeep RAM; Clermont Motors, LLC d/b/a Napleton's Clermont Chrysler Dodge Jeep RAM; Napleton's North Palm Auto Park, Inc. d/b/a Napleton's Northlake Chrysler Dodge Jeep RAM; Napleton Enterprises, LLC d/b/a Napleton's South Orlando Chrysler Dodge Jeep RAM; Napleton's Mid Rivers Motors, Inc. d/b/a Napleton's Mid Rivers Chrysler Dodge Jeep RAM; Napleton's Ellwood Motors, Inc. d/b/a Napleton's Ellwood Chrysler Dodge Jeep RAM, and each and every combination thereof, together with each of their subsidiaries and affiliates, if any, and each of their officers, directors, shareholders, employees, servants, agents, attorneys and representatives.

19. <u>Response</u>. "Response" means your answer to an Interrogatory.

20. <u>You or Your</u>. "You" or "Your" means Plaintiffs.

21. <u>Vehicle</u>. "Vehicle" means a new Chrysler, Jeep, Dodge, or RAM brand motor vehicle.

22. <u>Vehicle Sale</u>. "Vehicle Sale" means the sale or lease of a Vehicle to a Person by an FCA dealer.

23. <u>Vehicle Order</u>. "Vehicle Order" means a request to purchase a Vehicle from FCA.

24. <u>State the basis</u>. "State the basis" of a claim or allegation means to provide a substantial summary of the factual basis supporting the claim or allegation that specifies the essential acts or failures to act forming the substance of the claim or allegation; and to Identify the Person(s) that are the sources of the information regarding the claim or allegation and any Documents and Communications concerning Your Response.

5

## **INSTRUCTIONS**

1. Where an Interrogatory does not specifically request particular facts, but where such facts are necessary in order to make the answer to the Interrogatory comprehensible, complete, or not misleading, the Interrogatory shall be deemed specifically to request such facts, and You are requested to include such facts as part of the answer.

2. If any document or information responsive to the following Interrogatories is being withheld on a claim of attorney-client privilege, work-product protection, or any other privilege: (1) identify the date, the author, and all recipients of the document or information; (2) describe the form of the document or communication (such as a memorandum, letter, voice recording, email, etc.); (3) describe generally the content of the document or the information withheld; (4) state the privilege upon which You rely and the grounds for the assertion of such privilege; (5) identify all persons who have or have had access to the document or information being withheld; and (6) identify each Interrogatory to which the document relates.

3. If You elect to answer any Interrogatory pursuant to Federal Rule of Civil Procedure 33(d), identify by Bates number or range the particular document(s) relating to the specific Interrogatory.

4. If You cannot answer an Interrogatory in full, please answer to the fullest extent possible, specify the reasons for Your inability to answer the remainder, and state whatever information or knowledge You have concerning the unanswered portion.

5. If You find the meaning of any term in these Interrogatories to be unclear, then assume a reasonable meaning, state what that assumed meaning is, and answer the Interrogatory on the basis of that assumed meaning.

6. You are reminded of Your obligation under Federal Rule of Civil Procedure 26(e) to supplement or correct Your responses should additional information or documents subsequently become known to You.

7. Unless otherwise stated, the time period for Interrogatories that can be answered using existing summary data and/or data that can be automatically generated is January 1, 2011 to December 31, 2016. The time period for all other Interrogatories is January 1, 2013 to January 12, 2016.

## INTERROGATORIES

1. Define the terms "false" and "fraudulent" as used to describe sales, sales reports, and NVDRs in the Amended Complaint, and Identify any Documents and Communications concerning Your Response.

2. Specify the period(s) of time during which each Plaintiff claims to have lost sales and profits caused by any wrongful act by FCA as alleged in the Amended Complaint, including the beginning and/or end date(s) of each period, and Identify any Documents and Communications concerning Your Response.

3. Identify any Vehicle Order(s) that You submitted to FCA but that FCA did not fulfill.

4. Identify each Inquiry about purchasing or leasing a Vehicle from any of the Plaintiffs that the Plaintiffs did not have in their inventories or could not obtain from FCA or through dealer trades.

5. Identify each Person that You claim did not purchase a Vehicle from You, but instead purchased from another FCA dealer, because Your retail price for the Vehicle was higher than the retail price offered by the FCA dealer from which the purchase was made, including without limitation, the "at least 36 potential customers" that "initially visited

7

Napleton's and then purchased a vehicle from Sherman in 2014 or 2015" identified on the attached Exhibit A. Please specify in Your Response the Plaintiff from which the purchase was not made, the other FCA dealer from which the purchase was made.

6. Identify each Incentive that You allegedly did not receive because You allegedly refused to submit false sales reports to FCA.

7. Identify the additional Vehicles that You allegedly did not receive because You allegedly refused to submit false sales reports to FCA.

8. Identify the gross and net profit margins on each Vehicle that You sold.

9. State the basis for the allegation in paragraphs 77 and 91 of the Amended Complaint concerning the $800 per vehicle difference, including how the number was calculated.

10. State the basis for your allegations in the Amended Complaint, including paragraphs 56 and 66, that MSR was set at "unrealistic and unachievable" levels that caused harm to each Plaintiff.

11. Identify all Vehicle Sales made by You where You were required to reduce Your retail price for a Vehicle to match or better the retail price offered by any other FCA dealer. Please specify in Your Response the other FCA dealer and the retail price that it offered.

Dated: March 15, 2017

Respectfully submitted,

*/s/ Robert Cultice*
Robert D. Cultice *(admitted pro hac vice)*
Felicia H. Ellsworth *(admitted pro hac vice)*
Caitlin W. Monahan *(admitted pro hac vice)*
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109

8

(617) 526-6000
robert.cultice@wilmerhale.com
felicia.ellsworth@wilmerhale.com
caitlin.monahan@wilmerhale.com

Randall L. Oyler
Owen H. Smith
Brandon C. Prosansky
Katherine A. Neville
BARACK FERRAZZANO KIRSCHBAUM &
NAGELBERG LLP
200 West Madison Street
Suite 3900
Chicago, IL 60606
(318) 984-3100
randall.oyler@bfkn.com
owen.smith@bfkn.com
brandon.prosansky@bfkn.com
katie.neville@bfkn.com

***Attorneys for Defendant.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2017 the foregoing document, FCA US LLC'S SECOND SET OF INTERROGATORIES, was emailed to Plaintiffs' counsel of record.

>*/s/ Robert Cultice*
>Robert D. Cultice *(admitted pro hac vice)*
>WILMER CUTLER PICKERING HALE AND DORR LLP
>60 State Street
>Boston, MA 02109
>Tel: (617) 526-6000
>Fax: (617) 526-5000
>robert.cultice@wilmerhale.com

# Exhibit A

## SAMPLE OF FCA DATA REGARDING UNWOUND SALES

| Competing Dealer | Dealer # | Within Sales Locality? | Report Date | Number | Unwind Date | Number |
|---|---|---|---|---|---|---|
| Sherman | 44520 | No | Jan 2, 2014 | 11 | Jan 8, 2014 | 11 |
| | | | Jan 31, 2014 | 25 | Feb 4, 2014 | 25 |
| | | | March 31, 2014 | 13 | April 1, 2014 | 13 |
| | | | April 30, 2014 | 10 | May 1, 2014 | 10 |
| | | | June 2, 2014 | 15 | June 4, 2014 | 15 |
| | | | June 30, 2014 | 20 | July 2, 2014 | 20 |
| | | | June 1, 2015 | 9 | June 4, 2015 | 9 |
| | | | June 30, 2015 | 28 | July 4, 2015 | 28 |
| | | | Report Date | 5 | Nov, 11, 2015 | 5 |
| Total | | | | 136 | | 136 |

* Competes with Napleton's Arlington Heights and Napleton's River Oaks.

| Dealer | Dealer # | Within Sales Locality? | Report Date | Number | Unwind Date | Number |
|---|---|---|---|---|---|---|
| South Oak | 43720 | Yes | March 31, 2015 | 4 | April 1, 2015 | 4 |
| | | | April 30, 2015 | 20 | May 1, 2015 | 20 |
| | | | June 1, 2015 | 25 | June 2, 2015 | 25 |
| | | | June 30, 2015 | 28 | July 1, 2015 | 28 |
| | | | Nov 30, 2015 | 6 | Dec 1, 2015 | 6 |
| Total | | | | 83 | | 83 |

* Competes with Napleton's River Oaks.

| Dealer | Dealer # | Within Sales Locality? | Report Date | Number | Unwind date | Number |
|---|---|---|---|---|---|---|
| Mancari's | 66804 | Yes | June 30, 2014 | 2 | July 2, 2014 | 2 |
| | | | June 30, 2014 | 4 | July 14, 2014 | 4 |
| | | | June 1, 2015 | 25 | June 2, 2015 | 25 |
| | | | June 30, 2015 | 38 | July 1, 2015 | 38 |
| Total | | | | 69 | | 69 |

* Competes with Napleton's River Oaks.

| Dealer | Dealer # | Within Sales Locality? | Report Date | Number | Unwind Date | Number |
|---|---|---|---|---|---|---|
| Northwestern | 66272 | No | June 1, 2015 | 11 | June 5, 2015 | 11 |
| | | | Nov 2, 2015 | 10 | Nov 3, 2015 | 10 |
| Total | | | | 21 | | 21 |

* Competes with Napleton's River Oaks.

Based on a preliminary review of Napleton's records of customer contacts, it appears that Napleton has records that at least 36 potential customers initially visited Napleton's and then purchased a vehicle from Sherman in 2014 or 2015. This does not include potential Napleton customers who did not leave their name, did not let Napleton know whom they ultimately purchased from, or did not make initial visits to Napleton's due to pre-visit price comparisons.