UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NAPLETON'S ARLINGTON HEIGHTS MOTORS, INC., et al.,<br><br>         Plaintiffs,<br><br> v.<br><br>FCA US LLC, a Delaware corporation,,<br><br>         Defendant. | No. 1:16-cv-00403-VMK-SMF<br><br>Hon. Sheila Finnegan |

**PLAINTIFFS' MOTION TO SET DEADLINES FOR PRODUCTION OF DOCUMENTS AND TO COMPEL PRODUCTION OF DOCUMENTS RELATING TO SALES REPORTING TO THE PUBLIC**

I.  INTRODUCTION

In the eight months that have passed since the Court lifted the stay of discovery in this case, Plaintiffs have yet to receive a single email or correspondence from FCA. There are multiple orders compelling production of documents that FCA has not begun to comply with, let alone comply with in full. FCA refuses to propose or agree to any deadlines by which it will comply with these orders or complete document production.

Plaintiffs are concerned that absent such deadlines, FCA's continued foot dragging will further delay depositions and expert work needed for trial. Moreover, FCA continues to draw arbitrary lines to avoid disclosing documents Plaintiffs need to prove their theory of the case – namely documents that relate to FCA's sales reporting to the public. FCA's relevance objections are meritless, as they were when the Court overruled them in connection with other requests. Accordingly, Plaintiffs respectfully request that the Court:

- 1 -

    (a)    Order Defendant to produce, by June 7, 2017, all of Defendant's documents responsive to Second Set of Requests No. 7.[1]

    (b)    Order Defendant to produce, by June 7, 2017, all of Defendant's documents from its government production and internal investigation files that are responsive to Plaintiffs' document requests.[2]

    (c)    Order both parties to complete their production of documents responsive to the opposing party's document requests by July 14, 2017.

    (d)    Overrule FCA's objections to producing documents related to sales reporting to the public, in response to Plaintiffs First Set of Requests for Production Nos. 5 and 6 ("1-5" and "1-6"),[3] and Plaintiffs' Second Set of Requests for Production Nos. 15 and 16 ("2-15" and "2-16").[4]

## II.    ARGUMENT

**A.    Deadlines for Defendant's Compliance with Prior Orders.**

On February 27, 2017, the Court granted Plaintiffs' motion to compel production of "all documents responsive to Second Set of Requests No. 7," subject to withholding individual documents as privileged. (Doc. 96, ¶ 2(d)) In its April 26, 2017 order, the Court reiterated its 2/27 order and noted FCA had represented that it would produce these documents. (Doc. 114 at ¶ 4(a)) Plaintiffs have not received any documents responsive to this request, even though the Court first ordered FCA to produce these documents nearly three months ago. FCA refuses to

---

[1] The Court already ordered FCA to produce these documents on 2/27/2017 (Doc. 96, ¶ 2(d)).

[2] The Court already ordered FCA to produce these documents on 2/27/2017 (Doc. 96, ¶¶ 2(d) and 2(e)) and on 4/26/2017 (Doc. 114, fn.1).

[3] *See* Exhibit A.

[4] *See* Exhibit B.

propose or agree to any date by which it will complete its production. FCA has had ample time to collect and review these documents, which Plaintiffs have repeatedly stated, during meet and confer and on the record before the Court, are a priority set of documents. FCA should be required to produce all documents responsive to Second Set of Requests No. 7 by June 7, 2017.

Also on February 27, 2017, the Court ordered FCA to search the entirety of its internal investigative files and productions to the government for documents responsive to Plaintiffs' requests. (Doc. 96 ¶¶ 2(d) and 2(e)) As the Court has repeatedly emphasized, the 2/27 Order "required FCA to search the entirety of [these] collection[s], rather than employing search terms and custodians that would narrow the universe of what is examined for responsiveness." (Doc. 114, p.10.) On April 26, 2017, the Court further ordered FCA "to produce such responsive documents from its internal and government investigation collections without regard to geographic territory." (*Id*., fn.1) FCA's internal and government investigation files have already been collected in one place. Surely at this point FCA has identified numerous responsive documents that can be produced immediately. For reasons unknown, FCA has instead chosen to continue withholding these documents. During the parties' meet and confer, counsel for FCA refused to provide a date by which it will produce these documents.

In a 5/11/2017 letter to counsel and a 5/17/2017 meet and confer, Plaintiffs requested that FCA produce these documents by June 7, 2017. FCA refused. Plaintiffs respectfully ask the Court to compel production of all responsive documents from FCA's internal investigation and government production files by June 7, 2017.

**B.     Final Deadline for Completion of Document Production.**

On 10/13/2016, Judge Kendall ordered that fact discovery would close on May 5, 2017 (Doc. 63). Due to various complications and delays, the parties jointly requested a six-month extension of all pre-trial deadlines, which       Judge Kendall granted on 3/31/2017, noting

that "further extensions will be unlikely." (Doc. 103). Plaintiffs expect the new November 3, 2017 fact discovery cut-off to be a hard deadline. Plaintiffs anticipate a large volume of documents from FCA, which Plaintiffs will need to review in preparation for depositions. Plaintiffs must conduct numerous depositions of FCA employees and third parties, which will include subpoenas for documents and testimony of third parties, and prepare for complex expert work. Moreover, as Plaintiffs have consistently emphasized, it is impossible for Plaintiffs to fully identify FCA's co-conspirators, the recipients of wrongful subsidies and allocations, and the extent of their damages, without documents from FCA. Thus, Plaintiffs need these documents from FCA before they can pursue important discovery from third parties. A reasonable deadline for completing document production is necessary to allow sufficient breathing room for the significant work left in this case, and to ensure that depositions can occur with the benefit of relevant documents.

Plaintiffs proposed that the parties complete all document production in this case by July 14, 2017. FCA refused to agree to this date or to propose an alternative date. Plaintiffs therefore respectfully ask the Court order the parties to complete production of documents responsive to the opposing party's requests for production by July 14, 2017.

C.     **Production of Defendant's Documents Related to Sales Reporting to the Public.**

Finally, Plaintiffs move to compel production of documents responsive to their requests that relate to FCA's sales reporting to the public. FCA has informed Plaintiffs that it will produce documents concerning sales reporting by FCA dealers to FCA, but not documents concerning sales reporting by FCA to the public or investors or creditors, objecting on relevance grounds. FCA has further stated that when it reviews documents from its government and internal investigation files for responsiveness to Plaintiffs' requests, it will not produce documents related to FCA's sales reporting to the public.

- 4 -

The standard of relevance in discovery is broad, and FCA has the burden to prove this category of information is not relevant or proportional to the needs of the case. FCA cannot meet this burden. Plaintiffs' theory of the case is that FCA has engaged in discriminatory, unreasonable, and unfair conduct toward Plaintiffs in order to falsely report year-on-year sales growth to the public. Plaintiffs allege that the desire to report a long-term sales growth streak encouraged or pressured FCA employees to report false sales—whether through the carrot of bonus compensation or the stick of termination or demotion. Plaintiffs explicitly alleged these facts in their Amended Complaint. *See, e.g.,* Doc. 21, ¶¶ 2-3, 35, 42.

Consistent with the allegations in their Complaint, Plaintiffs served FCA with the following document requests seeking information related to FCA's sales reporting to the public:

- 1-5: "DOCUMENTS and COMMUNICATIONS sufficient to show how unwinding a SALES REPORT affects (i) the sales and financial figures YOU report to the investing public or YOUR creditors, …."

- 1-6: "All DOCUMENTS and COMMUNICATIONS concerning the allegations in paragraphs 38(a)-(h) and 42 of the PLAINTIFFS' amended complaint …."*

    *Paragraph 42 of Plaintiffs' amended complaint alleges: "FCA directly benefits from this scheme, as it results in the inflation of the number of monthly sales which, in turn, create the appearance that FCA's performance is better than, in reality, it actually is. These false and misleading results are reported on a monthly basis to the public at large and to the investment community. FCA has every reason to continue to conceal this practice as it would not be helpful for the truth to come to light at the same time as FCA may be pursuing mergers and other business opportunities." (Doc. 21, ¶ 42.)

- 2-15: "All DOCUMENTS reflecting or referring to YOUR year-on-year vehicle sales; the reporting of YOUR year-on-year vehicle sales; or any plan, policy or idea to increase or avoid the decrease of YOUR year-on-year vehicle sales."

- 2-16: "All DOCUMENTS reflecting or referring to YOUR month-after-month vehicle sales; the reporting of YOUR month-after-month vehicle sales; or any plan, policy or idea to increase or avoid the decrease of YOUR month-after-month vehicle sales."

With these discovery requests, Plaintiffs seek to obtain documentation from FCA supporting their allegation that FCA's improper system of subsidies and allocations was

010599-11 949860 V1

designed to promote the false appearance of sales growth to the public, from which the jury would be entitled to conclude that FCA's actions were "arbitrary, in bad faith, or unconscionable" (815 ILCS 710/4(b); *see also* Mo. Rev. Stat. 407.825(1)); "arbitrary or capricious" (815 ILCS 710/4(d)(1)); "unfair, inequitable, unreasonably discriminatory, or not supportable by reason and good cause after considering the equities of the affected motor vehicles dealer" (Fl. Stat. [s] 320.64(18)); "not fair, reasonable, and equitable" (Mo. Rev. Stat. [s] 407.825(40); *see also* 63 P.S. [s] 818.12(b)(12)); and not due to "a cause over which the franchisor has no control." (Mo. Rev. Stat. [s] 407.825(18)). Plaintiffs have a claim under Florida law, for which Plaintiffs must prove at trial that FCA is guilty of federal or state law crimes that require a showing of intent, including fraud. Moreover, Plaintiffs anticipate that FCA will ask the jury to infer that it did not falsify sales because it had no motive to do so. Without evidence into FCA's sales reporting to the public (including plans or schemes to show the appearance of sales growth), Plaintiffs will be disarmed of a key rebuttal argument, and the jury will be robbed of important context at trial.

Moreover, FCA's position is inconsistent with this Court's prior orders. First, the Court overruled FCA's relevance objections to RFP Second Set No. 7, which sought the documents underlying the FCA press release restating its sales reporting figures to the public. FCA is now attempting to import the same failed relevance objections to Plaintiffs' other requests, based on the same inaccurate characterizations of Plaintiffs' case and legal theories. Second, the Court has indicated that it is inclined to compel production of documents that relate to sales reporting to the public. The Court stated: "it is likely that the Court will require nationwide information to be produced regarding both sales reported to FCA by its dealers ***and sales reported by FCA to the public***. With the benefit of that guidance, the Court hopes and expects the parties to resolve their

dispute regarding this request without court intervention." (Doc. 114, ¶ 4(c).). Third, the Court has indicated that FCA's corporate personnel in charge of FCA's sales reporting would be appropriate and relevant custodians for FCA's ESI searches. (*Id.* at 3(a) and 3(c) ().  Simply put, FCA's objections cannot be squared with the claims and defenses in this case or with the guidance provided by the Court.

Accordingly, Plaintiffs respectfully request that the Court:

1. Overrule FCA's objections to producing documents relating to its sales reporting to the public and compel production of documents responsive to the following requests: *First Set of Requests Nos. 5 and 6, and Second Set of Requests Nos. 15 and 16*.

2. Clarify that when Defendants review for responsiveness the documents they produced to the government and the documents they gathered during their internal investigation, Defendant must produce documents concerning FCA's sales reporting to the public.

To avoid the need to revisit this issue in the future, Plaintiffs further request that the Court:

3. Order FCA generally not to withhold documents responsive to Plaintiffs' requests for production due to any objection to producing documents related to sales reporting to the public.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court to grant their Motion to Set Deadlines for Production of Documents and to Compel FCA to Produce Documents Relating to Sales Reporting to the Public.

010599-11 949860 V1

- 8 -

Dated: May 19, 2017　　　　　　　　　　　　Respectfully submitted,

THE NAPLETON PLAINTIFFS

By: */s/ Jeannie Y. Evans*___
Jeannie Y. Evans
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, Illinois 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
jeannie@hbsslaw.com

Steve W. Berman
Thomas E. Loeser
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue
Suite 3300
Seattle, WA 98101
(206) 623-7292
steve@hbsslaw.com
toml@hbsslaw.com

David C. Gustman
Jeffery M. Cross
Alexander Vesselinovitch
Dylan Smith
David J. Ogles
FREEBORN & PETERS LLP
311 S. Wacker Drive, Suite 3000
Chicago, IL 60606
(312) 360-6000
dgustman@freeborn.com
jcross@freeborn.com
avesselinovitch@freeborn.com
dsmith@freeborn.com
dogles@freeborn.com

010599-11 949860 V1

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that she caused the foregoing *Plaintiffs' Motion To Set Deadlines For Production Of Documents And To Compel Production Of Documents Relating To Sales Reporting To The Public* to be served on counsel of record via the Court's ECF system on May 19, 2017.

    /s/ Jeannie Y. Evans

Jeannie Y. Evans
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive
Suite 2410
Chicago, IL 60611
(708) 628-4966
jeannie@hbsslaw.com

010599-11 949860 V1