UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NAPLETON'S ARLINGTON HEIGHTS MOTORS, INC. f/k/a NAPLETON'S PALATINE MOTORS, INC. d/b/a NAPLETON'S ARLINGTON HEIGHTS CHRYSLER DODGE JEEP RAM, an Illinois corporation; NAPLETON'S RIVER OAKS MOTORS, INC. d/b/a NAPLETON'S RIVER OAKS CHRYSLER DODGE JEEP RAM, an Illinois corporation; CLERMONT MOTORS, LLC d/b/a NAPLETON'S CLERMONT CHRYSLER DODGE JEEP RAM, an Illinois limited liability company; NAPLETON'S NORTH PALM AUTO PARK, INC. d/b/a NAPLETON'S NORTHLAKE CHRYSLER DODGE JEEP RAM, an Illinois corporation; NAPLETON ENTERPRISES, LLC d/b/a NAPLETON'S SOUTH ORLANDO CHRYSLER DODGE JEEP RAM, an Illinois limited liability company; NAPLETON'S MID RIVERS MOTORS, INC. d/b/a NAPLETON'S MID RIVERS CHRYSLER DODGE JEEP RAM, an Illinois corporation; NAPLETON'S ELLWOOD MOTORS, INC. d/b/a NAPLETON'S ELLWOOD CHRYSLER DODGE JEEP RAM, an Illinois corporation,<br><br>   Plaintiffs,<br><br> v.<br><br>FCA US LLC, a Delaware corporation,<br><br>   Defendant. | Case No. 1:16-cv-00403-VMK-SMF |

**JOINT MOTION TO EXTEND DISCOVERY DEADLINES**

This Court has previously extended the discovery cut-off date one time, from May 5, 2017, to November 3, 2017. Dkt. 103. Since that time, both parties have produced documents and engaged in negotiations to resolve ongoing discovery disputes, and continue to do so where possible. Despite diligent efforts on both sides, as well as frequent and effective discovery management by Magistrate Judge Finnegan, however, due to the breadth of discovery in this case, the parties will be unable to complete discovery by November 3, 2017. Accordingly, the parties request a 5-month extension of the fact discovery deadline, until April 3, 2018.

The parties state as follows in support of their motion.

1. Fact discovery is set to close in this case on November 3, 2017.

2. Since March 31, 2017, when this Court last extended the discovery deadlines (Dkt. 103), both parties have engaged in substantial negotiation relating to discovery requests and continue to do so. Several times, the parties have sought the assistance of the Court to resolve discovery issues, including engaging in motion practice. Plaintiffs have filed three Motions to Compel (Dkts. 71, 81, 120) and Defendant has filed two Motions to Compel (Dkts. 118, 130).

3. FCA has undertaken substantial document review and discovery during this time. In particular, on February 27, 2017, Magistrate Judge Finnegan ordered FCA to "search the entirety of documents collected and/or produced pursuant to any government investigation(s), rather than narrow the universe of such documents by preliminarily searching them for particular custodians and search terms and then reviewing for responsiveness only those documents that contain those search terms or involve those custodians." Dkt. 96.

4. The review of documents "collected and/or produced pursuant to any government investigation(s)" has been time-consuming and burdensome, as it required each and every document produced to the government to be manually reviewed by an attorney for responsiveness to Plaintiffs' requests for production in this case. To comply with the Court's order, FCA has engaged a substantial document review team, comprising 14 attorneys performing first-level review and 5 five attorneys performing additional review.

5. FCA has made rolling productions of this material and other material explicitly prioritized by Plaintiffs per the parties' agreed upon schedule for document productions.

6. The result, however, is that FCA was tasked with reviewing hundreds of thousands of documents. Dkt. 117 at 5. FCA informed Judge Finnegan that in light of the volume of this review, it would be unable to meet the discovery deadline if asked to continue the review of documents "collected and/or produced pursuant to any government investigation(s)" as ordered, because the universe of documents collected or produced in connection with a government investigation was large and has continued to grow. Dkt. 156 (filed under seal), Dkt. 164 at 5.

7. Ultimately, recognizing the burden and delay that this review had caused, Magistrate Judge Finnegan directed the parties "to explore possible modifications to the review process for the Government Investigation documents, including the use of search terms, given the large (and growing) volume of such documents and the District Judge's discovery deadline." Dkt. 144 at 2. On September 5, 2017,

        Magistrate Judge Finnegan granted FCA's motion to limit its review of the government productions by search terms and custodians. Dkt. 174.

8. Under the new guidelines for review, and using the same number of reviewing attorneys, FCA anticipates it will take another 3-4 months to complete its document production.

9. Plaintiffs anticipate they will be able to complete their document productions in the next 2 months.

10. In addition to the above document review and production, on June 28, 2017, Plaintiffs served on FCA, pursuant to Rule 45(a)(4), copies of subpoenas that Plaintiffs intended to serve on the 68 third-party Chrysler Jeep Dodge RAM dealers that Plaintiffs contend are competitors. Thirty-eight of the subpoenas identified vehicle sales posting and unwind pairs in New Vehicle Delivery Reports (NVDRs) produced by FCA that Plaintiffs contend may represent the false NVDRs at the center of Plaintiffs' secondary line Robinson-Patman Act case. Plaintiffs allege that these false NVDRs resulted in the favored dealers engaged in such activity receiving incentives and bonuses that were not functionally available to Plaintiffs. Plaintiffs contend that the other 30 subpoenas are directed to whether there are other methods of alleged false sales reporting that are not known to Plaintiffs.

11. The subpoenas were the subject of two status hearings before Magistrate Judge Finnegan that resulted in two Orders (Order of July 12, 2017, Docket 144; and Order of September 5, 2017, Docket 174), as well as extensive meet-and-confer conferences and correspondence between the parties. The result is that Magistrate

Judge Finnegan has allowed Plaintiffs to proceed with three test subpoenas that sample the NVDR entries from three competing FCA dealerships that Plaintiffs contend are suspicious. Depending on the results of such sample subpoenas, Magistrate Judge Finnegan may permit Plaintiffs to continue with the subpoena program either as originally proposed or modified to a subset of competing dealers, potentially in phases. If the program proceeds, especially as a phased program, Plaintiffs estimate that it may take 4 months to complete.

12. Both parties also anticipate taking discovery by deposition testimony. Because of the ongoing nature of both Plaintiffs' and FCA's document review and production, no depositions have been noticed as of the date of this filing.

For the foregoing reasons, the parties jointly request a 5-month extension of the fact discovery deadline, to April 3, 2018, with all document productions to be complete by December 15, 2017, leaving the parties enough time to notice, confirm, and complete depositions after the relevant custodians' documents have been produced. Thus, the parties request that the remaining discovery deadlines be extended as follows:

| Event | Old Date | New Date |
|---|---|---|
| End of Fact Discovery | November 3, 2017 | April 3, 2018 |
| End of Expert Discovery | January 25, 2018 | June 25, 2018 |
| Dispositive Motions | February 22, 2018 | July 23, 2018 |
| Responses to Dispositive Motions | March 22, 2018 | August 22, 2018 |
| Replies to Dispositive Motions | June 21, 2018[1] | September 21, 2018 |

---

[1] The June 21, 2018 deadline for reply briefs appears to have been set in error, as it is three months after the deadline for response briefs.

| Jury Trial | July 16, 2018 | December 3, 2018 |

WHEREFORE, the parties respectfully request that this Court extend the fact discovery deadline until April 3, 2018 and adjust the other dates as set forth above.

September 21, 2017

Respectfully submitted,

FCA US LLC

By: /s/ Robert D. Cultice
*Of Counsel*:

Robert D. Cultice *(admitted pro hac vice)*
Felicia H. Ellsworth *(admitted pro hac vice)*
Caitlin W. Monahan *(admitted pro hac vice)*
Michael J. Horrell *(admitted pro hac vice)*
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
robert.cultice@wilmerhale.com
felicia.ellsworth@wilmerhale.com
caitlin.monahan@wilmerhale.com
michael.horrell@wilmerhale.com

Randall L. Oyler
Owen H. Smith
Brandon C. Prosansky
Katherine A. Neville
BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP
200 West Madison Street
Suite 3900
Chicago, IL 60606
(318) 984-3100
randall.oyler@bfkn.com
owen.smith@bfkn.com
brandon.prosansky@bfkn.com
katie.neville@bfkn.com

The Napleton Plaintiffs

By: /s/ Jeannie Evans

Jeannie Y. Evans
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, Illinois 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
jeannie@hbsslaw.com

Steve W. Berman
Thomas E. Loeser
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue
Suite 3300
Seattle, WA 98101
(206) 623-7292
steve@hbsslaw.com
toml@hbsslaw.com

David C. Gustman
Jeffery M. Cross
Alexander Vesselinovitch
Dylan Smith
David J. Ogles
Freeborn & Peters LLP
311 S. Wacker Drive, Suite 3000
Chicago, IL 60606
(312) 360-6000
dgustman@freeborn.com
jcross@freeborn.com
avesselinovitch@freeborn.com
dsmith@freeborn.com
dogles@freeborn.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served upon counsel for Plaintiffs electronically via the CM/ECF system on September 21, 2017.

*/s/ Robert D. Cultice*